IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANCISCO CASTILLO and JORGE CASTILLO, | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | Civil Action Number: |
| BUILDING CLEANING SOLUTIONS, INC., and AARON HUDSON, | : : : : | **Jury Trial Demanded** |
| Defendants. | : | |

**COMPLAINT**

Plaintiffs Francisco Castillo (hereafter "Francisco") and Jorge Castillo (hereafter "Jorge"), by and through the undersigned counsel, bring this Complaint against Defendants Building Cleaning Solutions, Inc. (hereafter "BCS") and Aaron Hudson (hereafter "Hudson") and plead as follows:

**INTRODUCTION**

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et.seq.*), (hereinafter "the FLSA") to (1) recover the overtime pay that was denied them, (2) an additional amount as liquidated damages

and (3) for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiffs reside within Dekalb County, Georgia.

5.

BCS and Hudson employed Francisco as a Cleaner in and around Atlanta, Georgia from May 2006 until August 23, 2010.

6.

BCS and Hudson employed Jorge as a Cleaner in and around Atlanta,

Georgia from May 2005 until August 23, 2010.

7.

From on or about May 2006 until August 23, 2010, Francisco has been an "employee" as defined in the FLSA § 3(e)(1)(C), 29 U.S.C. § 203(e)(1)(C).

8.

From on or about May 2005 until August 23, 2010, Jorge has been an "employee" as defined in the FLSA § 3(e)(1)(C), 29 U.S.C. § 203(e)(1)(C).

9.

At all times material hereto, Francisco has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Jorge has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

BCS is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, BCS has been an "employer" as defined in

FLSA §3(d), 29 U.S.C. §203(d).

13.

At all times material hereto, BCS has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14.

BCS is subject to the personal jurisdiction of this Court.

15.

Hudson resides within Cherokee County, Georgia.

16.

At all times material hereto, Hudson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

17.

Hudson is subject to the personal jurisdiction of this Court.

**COUNT I**      **FAILURE TO PAY OVERTIME TO PLAINTIFF FRANCISCO CASTILLO**

18.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this Paragraph.

19.

During his employment with Defendants, Francisco regularly worked in excess of forty (40) hours each week.

20.

Defendants failed to pay Francisco at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2006 through August 23, 2010.

21.

Defendants have willfully failed to pay Francisco at one and a half times his regular rate for work in excess of forty (40) hours in any week.

22.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Francisco in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

23.

Francisco is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

24.

Francisco is entitled to his litigation costs, including his reasonable attorneys' fees, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

**COUNT II        FAILURE TO PAY OVERTIME TO PLAINTIFF JORGE CASTILLO**

25.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this Paragraph.

26.

During his employment with Defendants, Jorge regularly worked in excess of forty (40) hours each week.

27.

Defendants failed to pay Jorge at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2005 through August 23, 2010.

28.

Defendants have willfully failed to pay Jorge at one and a half times his regular rate for work in excess of forty (40) hours in any week.

29.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Jorge in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

30.

Jorge is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

31.

Jorge is entitled to his litigation costs, including his reasonable attorneys' fees, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;
2. As to Count I, that Plaintiff Francisco Castillo be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff Francisco Castillo's rights under the FLSA;
3. As to Count II, that Plaintiff Jorge Castillo be awarded an amount to be

determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff Jorge Castillo's rights under the FLSA;

4. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| _s/ Kevin D. Fitzpatrick, Jr._ | _s/ Charles R. Bridgers_ |
| Kevin D. Fitzpatrick, Jr. | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3171 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcbflegal.com | charlesbridgers@dcbflegal.com |
| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR PLAINTIFFS** |

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **FRANCISCO CASTILLO and JORGE CASTILLO,** | : | |
| Plaintiffs, | : | |
| vs. | : | Civil Action Number: |
| **BUILDING CLEANING SOLUTIONS, INC., and AARON HUDSON,** | : | |
| | : | **Jury Trial Demanded** |
| Defendants. | : | |

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/ Kevin D. Fitzpatrick, Jr.
Counsel for Plaintiffs
Georgia Bar No. 262375